# Exhibit 2

Civil Investigative Demand – Documentary Material

# United States Department of Justice
## Washington, D.C. 20530

TO:   Tomoka Medical Lab, Inc.  
      783 S. Nova Rd.  
      Ormond Beach, FL 32174

Civil Investigative  
Demand No. 2020-19

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations that you, or entities you are affiliated with, have improperly billed government healthcare programs for certain laboratory tests.

This Demand requires you to provide documents and written interrogatory responses to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

The false claims law investigators for the purpose of this CID are Assistant United States Attorney Sean P. Keefe; Special Agent Gregg Anderson, U.S. Department of Health & Human Services, Office of the Inspector General; and DOJ Senior Civil Investigator Kevin Codol. You must provide the documents and interrogatory answers to AUSA Keefe no later than thirty days after receiving this CID. You may contact AUSA Keefe by phone at 813-274-6135, by e-mail at sean.keefe@usdoj.gov, or by mail at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

Maria Chapa Lopez  
United States Attorney

# DEFINITIONS AND INSTRUCTIONS

## I. DEFINITIONS

"Any" shall be construed to include the word "all" and the term "all" shall be construed to include the word "any."

"Identify" when used in the interrogatories means to give, to the extent known, the full name, present or last known address, and the present or last known place of employment.

"CLIA" mean Clinical Laboratory Improvement Amendments.

"Communication" means any transmission or exchange of information orally or in writing.

"CPT CODE" means Common Procedural Technology.

"Document" and "Documents" means any hard copy or electronically stored information and e-mails.

"Employee" means any person including, but not limited to, an employee, volunteer, independent contractor or agent, all past and present directors, officers, agents, representatives, accountants, advisors, and consultants who acted or purported to act on your behalf or who performed any service for you under your name, whether on a full-time, part-time, piece-work, commission or other basis and whether paid or unpaid.

"LABDAQ" means the management software and laboratory information system used for maintaining and processing laboratory services.

"NPI" means National Provider Identifier, issued by the Centers for Medicare and Medicaid Services.

"Person" means natural persons and corporations, companies, partnerships, unincorporated business associations, and any other entity composed of natural persons.

"Reference Laboratory" means any laboratory that receives a specimen from another laboratory and that performs one or more tests on such specimen.

"Relate to," "relating to," and "in relation to" mean to make a statement about, refer to, discuss, describe, reflect, evidence, identify, deal with, consist of, or in any way pertain, in whole or in part, to the subject. These terms include, without limitation, the synonyms pertaining, concerning, addressing, reflecting, describing, containing, or connecting in any other manner to the matter described.

"Tomoka," "You," and "Your" means Tomoka Medical Labs, Inc. as well as any parent organizations, subsidiaries, affiliates, segments, divisions, both presently existing and those that previously existed, and any present or former physicians, officers, directors, partners, employees, consultants, contractors, representatives, or agents.

## II. INSTRUCTIONS

1.  You must answer the interrogatories separately and fully, in writing and under oath, along with a sworn certificate in the form printed in this demand. If you object to an interrogatory, you must state the basis with specificity.

2.  The relevant period for purpose of the interrogatories and request for documentary material is January 1, 2014, to present.

3.  This demand is continuing in nature. If you become aware of or acquire possession, custody, or control of additional documents that are responsive to this demand, or if you become aware of or acquire additional information that is responsive to these interrogatories, you shall promptly produce such additional documents or supplement your interrogatory responses.

4.  This demand applies to all documents and information in your possession, custody, or control regardless of their location and regardless of whether such documents or information are held by your current or former employees, including, but not limited to, in-house IT specialists and technicians, IT specialists and technicians to whom digital services have been out-sourced.

5.  All documents produced pursuant to this demand are to be organized in such a manner that all documents relating to a particular request are grouped together and identified as being responsive to that request.

6.  If any document which is otherwise responsive to this demand is not disclosed because of a claim of privilege or other objection, you shall identify such documents on a Privilege Log. The Privilege Log shall be produced in Excel or Word format and include the following information:

    (a) the basis for the assertion of the privilege or objection;

    (b) the type of document (e.g., letter, memorandum, email, etc.)

    (c) the name and title of the author (and if different, the preparer and signatory);

    (d) the name(s) and title(s) of the individual(s) to whom the document was addressed;

    (e)    the name(s) and title(s) of the individuals to whom the document or a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;

    (f)    the date of the document;

    (g)    number of pages;

    (h)    a general description of the subject matter; and

    (i)    the Request(s) to which the document is responsive.

7. When a requested document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible. If a privilege is asserted with regard to a part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document is redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

8. If any document otherwise responsive to this demand is not produced because it was lost, destroyed, or discarded:

    (a)    identify the document by type, date, and title;

    (b)    identify the person who last had custody or control over the document;

    (c)    state the date on which the document was destroyed or was discovered to have been lost;

    (d)    if the document was destroyed, state why it was destroyed and identify the person(s) who destroyed it;

    (e)    if the document was lost, describe the circumstances in which its loss was discovered, state the date that it was last seen or otherwise accounted for, and identify the person(s) who discovered its loss and who last saw or otherwise accounted for it;

    (f)    identify all persons who have knowledge pertaining to the destruction or loss of the document, giving a concise but complete statement of the knowledge you claim each such person has;

    (g)    identify all persons who have knowledge of the contents of each lost or destroyed document, giving a concise but complete statement of the knowledge you claim each such person has; and

    (h)    produce all existing indices, lists, or other documents in your possession, custody, or control that reflect the existence of such lost or destroyed documents, and/or their transfer or destruction.

9. If no documents exist that are responsive to a specific document Request, a written statement to that effect shall be provided at the time of production.

10. To the extent that documents responsive to this demand are in the possession, custody, or control of third parties, this demand requires a statement to that effect at the time of production, specifically providing the name, address, telephone number and principal contact of the third party, and shall further identify those documents in said third party's possession.

11. If you withhold any information responsive to any Interrogatory based on a claim of privilege or other objection: (a) furnish the basis for the assertion of the privilege or objection, (b) identify all individuals who could respond to the Interrogatory with regard to the information that is being withheld, and (c) set forth the general subject matter and the specific Interrogatory or Interrogatories to which each individual could testify.

12. When providing the name of an individual in response to any interrogatory or individuals identified pursuant to the instruction above, provide the individual's last known address, telephone number, email address, or other contact information, as well as the individual's relationship to you. If the individual is or was an employee, provide the individual's title and dates of employment.

13. Documents sought by these requests shall include all responsive Documents within Your possession, custody or control.

14. All electronically stored Documents and information should be produced in accordance with the Department of Justice's ESI specifications (See Attachment A).

15. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well, and vice versa.

16. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well, and vice versa.

17. "Or" as well as "and" shall be construed interchangeably in a manner that gives the document requests the broadest reading.

## III. INTERROGATORIES

1. Identify all individuals who have an ownership or investment interest in Tomoka. For each:

   a. Identify the percentage ownership/investment of each owner and the time period during which the individual held the ownership/investment interest.

   b. Identify the type of ownership or investment interest held by each individual (e.g. equity, stock shares, pass-through income from profits, etc.).

2. Identify any National Provider Index (NPI) used in submitting claims to any federally subsidized health program.

3. Describe any agreements between you and any Reference Laboratory, as defined above.

4. Identify all payments made to any Reference Laboratory for any service. For each:

   a. Include the name of the Reference Laboratory.
   b. Include the amount of payment.
   c. Include the date of service.

5. Identify all claims you submitted to any federally subsidized health program for any service identified in response to Interrogatory 4.

## IV. DOCUMENT REQUESTS

1. All documents that relate, or pertain, to the answers you provided in response to Interrogatory 1.

2. All agreements between you and any Reference Laboratory, as defined above.

3. Copies of Tomoka's organization tables or charts for every year during the relevant period covered by this demand.

4. Policies or manuals regarding, or pertaining, to any molecular diagnostic infectious disease testing, including Deoxyribonucleic Acid- (DNA) or Ribonucleic Acid- (RNA) based analyses.

5. All CLIA certifications and applications for certifications.

6. Patient charts and files associated with the individuals identified in Attachment B, including but not limited to:
   a. Physician orders and modifications
   b. Nonphysician practitioner orders and modifications

c. Requisition orders
d. Documentation maintained as required by 42 C.F.R. § 410.32(d)(2)(ii)
e. Progress notes by any and all providers
f. Patient medical records
g. Documents used and stored in LABDAQ
h. Documents provided to, or received from, any Reference Laboratory